IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARJORIE SIMMONS<br>(2) CLAUDE W. "JUNIOR" SIMMONS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>(1) C.B. FLEET CO., INC. and<br>(2) C.B. FLEET HOLDING COMPANY, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. _____<br>)<br>)　**JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Marjorie Simmons and Claude W. "Junior" Simmons, for their causes of action against the Defendants, C.B. Fleet Co., Inc. and C.B. Fleet Holding Company, Inc., allege and state:

## PARTIES

1. Plaintiff, Marjorie Simmons ("Simmons"), is a resident and citizen of Yukon, Oklahoma.

2. Plaintiff, Claude W. "Junior" Simmons ("Junior Simmons"), is a resident and citizen of Yukon, Oklahoma.

3. Defendant, C.B. Fleet Co., Inc. ("C.B. Fleet"), is a corporation existing under the laws of Virginia with its principal place of business in Lynchburg, Virginia.

4. Defendant, C.B. Fleet Holding Company, Inc. ("Fleet Holding"), is a corporation existing under the laws of Virginia with its principal place of business in Lynchburg, Virginia.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Simmons and C.B. Fleet and Fleet Holding. In addition, the amount in controversy exceeds $75,000.

6.     The claims set forth below occurred in Oklahoma County, Oklahoma and, thus, venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL STATEMENTS OF FACT

7.     At all times relevant, Defendants C.B. Fleet and Fleet Holding (hereinafter "the Fleet Defendants") manufactured, created, designed, tested, labeled, packaged, supplied, marketed, sold, advertised, and/or otherwise distributed in interstate commerce an over-the-counter ("OTC") product known as Fleet Phospho-soda for use as an oral laxative or bowel purgative by consumers.

8.     On December 11, 2008 the Fleet Defendants issued a voluntary recall of Fleet Phospho-soda.

9.     Following an increasing number of reports of acute kidney failure associated with the use of oral sodium phosphate products (OSP) for bowel cleansing prior to colonoscopies and other procedures, the FDA issued a Safety Alert immediately prior to December 11, 2008, stating that OSP bowel cleansing products should be available by prescription only. The Fleet Defendants' products were, at that point, being sold and marketed as OTC products. Fleet then voluntarily recalled its Fleet Phospho-soda products on December 11, 2008.

10.    On or about July 26, 2004, plaintiff Marjorie Simmons ingested Fleet Phospho-soda in accordance with instructions from her physician in anticipation of undergoing a colonoscopy.

2

11. Simmons used Fleet Phospho-soda as intended and designed by the Fleet Defendants.

12. Shortly after using Fleet Phospho-soda and undergoing the colonoscopy procedure on July 27, 2004, Simmons experienced symptoms of diminished kidney function and was thereafter diagnosed with acute renal failure.

13. As a result of the aforesaid incident, Simmons suffered severe bodily injuries including, but not limited to, acute renal failure. Some or all of Simmons' injuries have continued since the incident and are permanent in nature.

14. On or around August 3, 2004, Simmons was taken to the emergency room due to kidney failure.

15. As a direct and proximate consequence of the use of Fleet Phospho-soda, Simmons suffered kidney failure, which has in the past and may in the future require medical care or treatment.

16. As a further consequence of her injuries, Simmons was forced to endure dialysis for her kidney failure until such time as a kidney transplant could be accomplished.

17. On or about December 1, 2007, Simmons received a kidney transplant as a direct result of the injuries sustained from the use of Fleet Phospho-soda.

18. Simmons had no way of knowing the real cause for her kidney failure in August of 2004.

19. In fact, Simmons did not personally discover the possibility of a causal connection between Fleet Phospho-soda and the kidney failure she suffered until sometime during the summer of 2009 when she received a newspaper clipping regarding Fleet lawsuits from a friend.

20. Simmons has in the past and will in the future incur medical expenses and other economic loss, and has in the past and will in the future experience pain, suffering, emotional distress, humiliation, disfigurement, embarrassment, loss of enjoyment of life, shortened life expectancy, and other damages. The injuries sustained by Simmons were caused by the use of Fleet Phospho-soda.

21. As a direct and proximate result of the aforesaid injuries and damages to his wife, Marjorie Simmons, Plaintiff Junior Simmons has been deprived and will in the future continue to be deprived of the services, companionship, society and consortium of his wife, and will in the future continue to incur expenses on behalf of his wife.

## FIRST CAUSE OF ACTION
### (Strict Product Liability)

22. Simmons readopts and realleges each allegation in paragraphs 1-21 of this Complaint as if set forth verbatim herein.

23. Upon information and belief, the Fleet Defendants knew or should have known that there were severe health risks associated with Fleet Phospho-soda.

24. The Fleet Defendants breached their duty to warn Simmons, her physician, and the FDA of any and all risks associated with Fleet Phospho-soda, thereby causing Simmons to essentially forfeit years of her life to excruciating physical and mental pain.

25. In addition, Fleet Phospho-soda was defective in that it was not accompanied by adequate warnings of the known and reasonably knowable risks and/or defects connected with Fleet Phospho-soda.

26. As a direct and proximate consequence, Simmons has incurred medical expenses that would have been unnecessary but for the dangerous nature of Fleet Phospho-soda, has

suffered months of debilitating physical and mental pain and anguish, and has had to undergo years of kidney dialysis and a painful and invasive kidney transplant surgery.

27. Simmons' injuries are permanent and ongoing and will require ongoing treatment for the remainder of Simmons' life.

28. As a direct and proximate consequence, Simmons has suffered injury and damages and will continue to suffer permanent pain and suffering, emotional distress, loss of enjoyment of life, humiliation, disfigurement, embarrassment, as well as other general or non-economic damages, in addition to past and future special damages in the form of medical expenses and other costs associated with the care and treatment of these injuries, wage loss or loss of earning capacity, or other economic loss, all in an amount in excess of $75,000.00.

29. Simmons further alleges that the Fleet Defendants acted in conscious or reckless disregard of the health, safety and well-being of Simmons by not taking reasonable care in their design and/or manufacture of Fleet Phospho-soda and by not providing adequate warning of known or reasonably knowable risks and/or defects associated with Fleet Phospho-soda. Simmons is therefore entitled to actual and punitive damages.

## SECOND CAUSE OF ACTION
**(Ordinary Negligence and Gross Negligence)**

30. Plaintiffs repeat and reallege each allegation in paragraphs 1-29 of this Complaint as if set forth verbatim herein.

31. The Fleet Defendants had a duty to use reasonable care to design, manufacture, market, sell and/or distribute Fleet Phospho-soda in a condition safe for its intended purpose. By failing to exercise ordinary care in its design, manufacture, testing, quality assurance, quality control, marketing, sale and/or distribution of Fleet Phospho-soda, the Fleet Defendants placed Simmons in unreasonable danger of chronic kidney disease and acute renal failure, suffering

extreme physical and mental pain, and then having major invasive surgery to correct the problem.

32. The Fleet Defendants breached their duty to Simmons by failing to design, manufacture, inspect, or adequately test Fleet Phospho-soda for its intended use as a bowel purgative and bowel cleanser.

33. The Fleet Defendants breached their duty in that, upon information and belief, they knew or should have known that Fleet Phospho-soda was unreasonably dangerous for its intended purpose as a bowel purgative or bowel cleanser and failed to warn the FDA, the medical community, or the public of the dangers of using Fleet Phospho-soda, including the risk of acute renal failure until its voluntary recall on December 11, 2008.

34. As a direct and proximate consequence of said wrongdoing and negligence by the Fleet Defendants, Simmons has incurred medical expenses that would have been unnecessary but for the dangerous nature of Fleet Phospho-soda, has suffered months of debilitating physical and mental pain and anguish, and has had to undergo years of kidney dialysis and a painful and invasive kidney transplant surgery.

35. Simmons' injuries are permanent and ongoing and will require ongoing treatment for the remainder of Simmons' life.

36. As a direct and proximate consequence of the Fleet Defendants' negligent acts, omissions, recklessness, and breach of duty, Simmons has suffered injury and damages and will continue to suffer permanent pain and suffering, emotional distress, loss of enjoyment of life, humiliation, disfigurement, embarrassment, as well as other general or non-economic damages, in addition to past and future special damages in the form of medical expenses and other costs

associated with the care and treatment of these injuries, wage loss or loss of earning capacity, or other economic loss, all in an amount in excess of $75,000.00.

37.     The Fleet Defendants' negligence is also gross negligence due to their reckless, careless and grossly negligent actions. Simmons is therefore entitled to punitive damages.

## THIRD CAUSE OF ACTION
### (Misrepresentation and/or Fraudulent Concealment)

38.     Simmons readopts and realleges each allegation in paragraphs 1-37 of this Complaint as if set forth verbatim herein.

39.     The Fleet Defendants represented to Simmons and to the public that their product was safe and without defect for its intended use.

40.     The Fleet Defendants' misrepresentations involved a material fact concerning the character and/or quality of Fleet Phospho-soda.

41.     Simmons constructively relied upon the Fleet Defendants' misrepresentations to her detriment.

42.     As a direct and proximate consequence of Simmons' reliance upon the Fleet Defendants' misrepresentations, Simmons has incurred medical expenses that would have been unnecessary but for the dangerous nature of Fleet Phospho-soda, has suffered months of debilitating physical and mental pain and anguish, and has had to undergo years of kidney dialysis and a painful and invasive kidney transplant surgery.

43.     Simmons' injuries are permanent and ongoing and will require ongoing treatment for the remainder of Simmons' life.

44.     As a direct and proximate consequence of the Fleet Defendants' misrepresentations, Simmons has suffered injury and damages and will continue to suffer permanent pain and suffering, emotional distress, loss of enjoyment of life, humiliation,

disfigurement, embarrassment, as well as other general or non-economic damages, in addition to past and future special damages in the form of medical expenses and other costs associated with the care and treatment of these injuries, wage loss or loss of earning capacity, or other economic loss, all in an amount in excess of $75,000.00.

45. Simmons further alleges that the Fleet Defendants acted in conscious or reckless disregard of the health, safety, and well-being of Simmons by not taking reasonable care in their design and/or manufacture of Fleet Phospho-soda and by not providing adequate warning of known or reasonably knowable risks and/or defects associated with Fleet Phospho-soda. Simmons is therefore entitled to actual and punitive damages.

### FOURTH CAUSE OF ACTION
**(Loss of Consortium)**

46. Simmons readopts and realleges each allegation in paragraphs 1-45 of this Complaint as if set forth verbatim herein.

47. Plaintiff Marjorie Simmons and Junior Simmons were married on November 21, 1962.

48. As a direct and proximate result of Fleet's actions and inactions detailed above, and the resulting injuries to his spouse, Marjorie Simmons, Junior Simmons has suffered the loss of society, affection, guidance, companionship and consortium in an amount in excess of $75,000.00, all for which Fleet is liable.

## COMBINED PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

(a)  Actual damages against Fleet to compensate (1) Simmons for her actual medical expenses, compensation for her physical and mental pain and suffering, and punitive damages; and (2) Junior Simmons for his loss of consortium.

(b)  Costs and attorney fees, if appropriate; and

(c)  All other relief to which Plaintiffs may be entitled.

_____
Mark K. Stonecipher, OBA No. 10483
Brent M. Johnson, OBA No. 17070
Whitney A. Walstad, OBA No. 22759
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, Oklahoma 73102-8820
Telephone: (405) 232-0621
Facsimile:  (405) 232-9659

and

Tim E. DeClerck, OBA No. 10271
MITCHELL & DECLERCK, PLLC
202 West Broadway Avenue
Enid, Oklahoma 73701
Telephone: (580) 234-5144
Facsimile: (580) 234-8890

*Attorneys for Plaintiffs*

9